THE STATE OF NEVADA, Petitioner, *v.* THE JUSTICE COURT OF THE LAS VEGAS TOWNSHIP, CLARK COUNTY, STATE OF NEVADA, and THE HONORABLE WILLIAM P. JANSEN, Justice of the Peace, Respondents, and BASIL WAYNE RICHMOND, Real Party in Interest.

No. 27476

June 24, 1996                                    919 P.2d 401

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *John P. Lukens,* Deputy District Attorney, Clark County, for Petitioner.

*Carmine Colucci,* Las Vegas, for Real Party in Interest.

## OPINION[1]

*Per Curiam:*

This petition for a writ of prohibition challenges the justice court's jurisdiction to grant a motion by the real party in interest

---

[1]We originally granted this petition in an unpublished order on January 31, 1996. On February 29, 1996, the State filed a motion in this court to publish our order. Cause appearing, we grant the State's motion and publish this Opinion in place of our prior unpublished order. We deny Richmond's motion to extend the time to file an opposition to the motion for publication.

The clerk of this court shall correct the caption of this court's docket sheet to correspond to the caption on this Opinion.

requiring an alleged child-victim of sexual assault to submit to a physical examination prior to the preliminary hearing.

On December 13, 1994, real party in interest Basil Wayne Richmond was arraigned in justice court on one charge of Sexual Assault of a Minor, a felony under NRS 200.364, and one charge of Lewdness with a Minor, a felony under NRS 201.230. Richmond posted bail and a preliminary hearing was set for October 18, 1995. On May 17, 1995, Richmond filed a motion requesting the justice court to order a psychological and physical examination of the alleged victim. The State opposed the motion; however, on July 13, 1995, the justice court concluded that during a conference in chambers, the State had agreed to the physical examination and, consequently, the court granted the request for a physical examination of the alleged victim.[2]

On September 14, 1995, the State filed this petition for a writ of prohibition seeking an order of this court vacating the justice court's order and prohibiting the justice court from granting requests for discovery prior to a preliminary hearing.[3]

The State contends that justice courts have neither express nor inherent authority to order criminal discovery prior to a preliminary hearing. We agree. The justice courts are courts of limited jurisdiction and have only the authority granted by statute. Parsons v. District Court, 110 Nev. 1239, 1243, 885 P.2d 1316, 1319 (1994); see NRS 4.370(1). There is nothing in the criminal discovery provisions of the Nevada Revised Statutes[4] giving jus-

---

[2]In a subsequent hearing, on August 22, 1995, the justice court denied the request for the psychological examination. At this hearing, the State informed the justice court that it had decided to challenge the court's authority to order discovery prior to a preliminary hearing with respect to the order for a physical examination.

[3]Generally, writ relief must first be sought in the district court. Although NRS 34.330 provides that a writ of prohibition may only be issued by the supreme court, Article 6, § 6(1) of the Nevada Constitution was amended in 1992 to provide district courts the power to issue writs of prohibition. NRS 34.330 is therefore unconstitutional to the extent that it purports to limit the district courts' power to issue a writ of prohibition. See MPC Contractors v. Appeals Officer, 111 Nev. 606, 894 P.2d 384 (1995). Nevertheless, we elected to entertain this petition in the first instance due to the exigent circumstances presented and because this case presented an unsettled issue of statewide importance. Further, the State filed its petition before MPC Contractors was decided. Accordingly, the State had a reasonable belief, based on the statute, that the district court could not issue a writ of prohibition and that relief could only be sought in this court. We caution, however, that generally, a writ of prohibition must first be sought in the district court.

[4]NRS 174.235 to 174.295.

tice courts express authority to order criminal discovery prior to a preliminary hearing.

Moreover, we conclude that the authority to order discovery is not inherent in a justice court's authority to conduct preliminary hearings. The justice court's role at the preliminary hearing is to determine whether there is probable cause to find that an offense has been committed and that the defendant has committed it. NRS 171.206. If the justice court finds probable cause, the court must order the defendant bound over for trial in the district court. *Id.* The preliminary hearing is not a trial and the issue of the defendant's guilt or innocence is not a matter before the court. Thedford v. Sheriff, 86 Nev. 741, 743-44, 476 P.2d 25, 27 (1970); Marcum v. Sheriff, 85 Nev. 175, 178-79, 451 P.2d 845, 846-47 (1969). Based on the limited nature and scope of a preliminary hearing, we conclude that the justice court does not have the authority to order criminal discovery prior to a preliminary hearing. State v. Benson, 661 P.2d 908, 909 (Okla. Crim. App. 1983); *cf.* Harris v. District Court, 843 P.2d 1316, 1319 (Colo. 1993) (felony defendant is not entitled to discovery prior to a preliminary hearing). To conclude otherwise would turn the preliminary hearing into a trial, resulting in significant delays and an increased burden on the judicial system.

Finally, the State's alleged stipulation to the order could not confer jurisdiction. *See, e.g.,* State v. Rhoades, 820 P.2d 665, 672 (Idaho 1991) ("It is axiomatic that a lack of jurisdiction may not be cured by means of stipulation or waiver by the parties."), *cert. denied,* 504 U.S. 987 (1992).

A writ of prohibition arrests the proceedings of a tribunal when such proceedings are without or in excess of the tribunal's jurisdiction. NRS 34.320; *see also* Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). A writ of prohibition will not issue, however, if the petitioner has a plain, speedy and adequate remedy at law. *Parsons,* 110 Nev. at 1242, 885 P.2d at 1318. As explained above, the justice court did not have authority to order criminal discovery prior to a preliminary hearing. Further, the State does not have a plain, speedy and adequate remedy in the ordinary course of law.

Accordingly, we grant this petition for a writ of prohibition.[5]

---

[5]We note that the clerk of this court issued the requested writ, pursuant to our order of January 31, 1996, on that same date.