OPINION
 

 Per Curiam:
 

 Appellant David Earl Parsons was convicted, pursuant to a jury verdict, of felony driving under the influence in violation of NRS 484.379 and NRS 484.3792(l)(c). On appeal, a panel of this court reversed the conviction, concluding that the district court erred by permitting the State to file an information by affidavit pursuant to NRS 173.035(2).
 
 See
 
 Parsons v. State, 115 Nev. 91, 978 P.2d 963 (1999). The State filed a petition for rehearing, which was denied by the three-justice panel. The State then filed a petition for en banc reconsideration.
 

 The primary concern raised in the petition is whether the constitutional validity of the prior DUI convictions used to enhance the instant offense to a felony was properly the subject of the preliminary examination in justice’s court. We conclude that this is a substantial public policy issue and, therefore, en banc reconsideration is warranted.
 
 See
 
 NRAP 40A(a). We further conclude that the constitutional validity of a prior conviction that is being used for enhancement purposes is not at issue at the preliminary examination stage of a criminal proceeding. However, we conclude that the three-justice panel was correct to reverse the conviction in this case because, under the particular circumstances of this case, the district court erred by permitting the State to file an information by affidavit. We therefore grant reconsideration, but reverse the judgment of conviction.
 

 PROCEDURAL HISTORY AND FACTS
 

 This case has a rather long and tortured procedural history that begins in December 1991, when the State charged Parsons by criminal complaint with one count of felony driving under the influence (DUI) in violation of NRS 484.379 and NRS 484.3792(l)(c). The State alleged that Parsons had two prior DUI offenses within the preceding 7 years: (1) an arrest on November
 
 *931
 
 21, 1987, and conviction on April 15, 1988, in Flagstaff, Arizona; and (2) an arrest on September 9, 1990, and conviction on December 13, 1990, in Beatty, Nevada.
 

 During the preliminary examination in justice’s court, Parsons challenged the constitutional validity of the Beatty conviction.
 
 [1]
 
 Parsons moved to have the felony offense “stricken down to a second offense DUI” on the ground that the complaint charging him with a second-offense DUI in Beatty had been improper because it incorrectly stated the location of his first DUI offense. Parsons therefore requested that the justice’s court permit him to enter a plea to a second-offense DUI and receive his sentence.
 

 The justice’s court, having personal knowledge of the Beatty proceedings, opined that if Parsons had had effective counsel at the time of his hearing on the Beatty DUI the problem with the complaint would have been noted and the charge could have been dismissed or reduced to a first-offense DUI.
 
 [2]
 
 The justice’s court also noted that the complaint in the instant case listed the prior offenses correctly. Nonetheless, the justice’s court went on to “strike the complaint” and allow Parsons to enter a guilty plea to a second-offense misdemeanor DUI charge. The justice’s court sentenced Parsons to 30 days in jail, to be served intermittently, and ordered Parsons to pay an $800.00 fine. Parsons subsequently fled the jurisdiction without serving the sentence or paying the fine.
 

 After unsuccessfully attempting to appeal the judgment to the district court, the State filed a petition for a writ of certiorari in the district court. The district court granted the petition, issuing an order nullifying Parsons’ conviction and rescheduling the preliminary examination in justice’s court.
 

 Parsons filed a petition for a writ of mandamus or prohibition in this court. Parsons asked this court to issue a writ directing the district court to void its order and vacate the rescheduled preliminary examination. This court denied Parsons’ petition, concluding that the district court correctly determined that the justice’s court exceeded its jurisdiction by amending the complaint and
 
 *932
 
 accepting the guilty plea. Parsons v. District Court, 110 Nev. 1239, 885 P.2d 1316 (1994)
 
 (Parsons I).
 

 The justice’s court conducted a preliminary examination on August 21, 1995. The State offered the testimony of the law enforcement officer who arrested Parsons. At the conclusion of the testimony, Parsons again challenged the constitutional validity of the Beatty conviction. This time Parsons argued that because the Beatty complaint did not allege that Parsons had been driving on a highway or premises to which the public has access — an element of a DUI offense, it was unclear whether he had had a sufficient understanding of the law and the elements of the offense to have entered a knowing and voluntary guilty plea. Parsons further argued that the documents offered by the State were ambiguous as to whether Parsons had waived his right to an attorney or had been represented by counsel. After hearing argument from the State, the justice’s court concluded that the Beatty complaint was deficient as it did not include an element of the offense and that it was not clear whether Parsons had counsel in the Beatty proceedings. The justice’s court therefore declined to bind Parsons over for trial in the district court.
 

 The State subsequently filed a motion to file an information by affidavit in the district court pursuant to NRS 173.035(2).
 
 [3]
 
 The State relied in large part on the evidence presented to the justice’s court; however, the State also provided an affidavit from Teresa Stocker, the Beatty Justice Court Clerk. In her affidavit, Stocker explained that Parsons had waived counsel for the arraignment, but informed the Beatty Justice Court that he would be represented at further proceedings by retained counsel. The district court granted the State’s motion and permitted the State to file the information by affidavit, concluding that the justice’s court had committed egregious error in discharging the criminal complaint.
 

 The district court arraigned Parsons on the information on November 28, 1995. After the district court denied various pretrial motions, a jury trial commenced on March 4, 1996. The jury found Parsons guilty of driving under the influence. At sentencing, the district court found the prior convictions to be sufficient and constitutionally valid for enhancement purposes. The court sentenced Parsons to one year in prison and a $2,000.00 fine.
 

 
 *933
 
 In resolving this petition for en banc reconsideration, we address whether the justice’s court properly considered the constitutional validity of the prior offenses in deciding whether there was probable cause to bind Parsons over for trial in district court. We take this opportunity to clarify the role of the justices’ courts with respect to a felony charge of driving under the influence in violation of NRS 484.379 and NRS 484.3792(1)(c) and the related issue of what the State is required to present at a preliminary examination on such a charge.
 

 The justices’ courts are courts of limited jurisdiction and have only the authority granted by statute.
 
 See
 
 NRS 4.370. The criminal jurisdiction of the justices’ courts is limited to misdemeanors unless otherwise provided by specific statute. NRS 4.370(3). Thus, the justices’ courts do not have jurisdiction over gross misdemeanor or felony offenses. Because gross misdemeanor and felony offenses are not triable in justice’s court, a person charged with such offenses cannot be called upon to plead in justice’s court.
 
 See
 
 NRS 171.196. However, the justice’s court is required to conduct a preliminary examination in such cases. The justice’s court’s role at a preliminary examination is to make an eviden-tiary evaluation of whether there is “probable cause to believe that an offense has been committed and that the defendant has committed it.”
 
 See
 
 NRS 171.206. The preliminary examination is not a trial and the issue of the defendant’s guilt or innocence is not a matter before the court. State of Nevada v. Justice Court, 112 Nev. 803, 806, 919 P.2d 401, 402 (1996). At the conclusion of the preliminary examination, the justice’s court must either bind the defendant over to district court or discharge the defendant.
 
 [4]
 

 See
 
 NRS 171.206.
 

 A person who violates the provisions of NRS 484.379 is guilty of a category B felony where the violation is “[f]or a third or subsequent offense within 7 years.” NRS 484.3792(l)(c). As such, a charge of felony driving under the influence in violation of NRS 484.379 and NRS 484.3792(l)(c) may not be tried in justice’s court. The justice’s court’s role is solely to conduct a preliminary hearing and determine whether there is probable cause to find that an offense has been committed and that the defendant has committed it. In
 
 Parsons I,
 
 we stated in dictum:
 

 
 *934
 
 It was within the discretion of the justice court to consider the constitutional sufficiency of the priors only in the context of making an evidentiary determination of whether or not probable cause existed to bind Parsons over on the felony charge. When the justice court determined that a prior conviction was infirm on constitutional grounds, and that the felony charge accordingly could not stand, the only order that the justice court was jurisdictionally empowered to enter was a dismissal of the felony charge.
 

 110 Nev. at 1244, 885 P.2d at 1320. Upon further review and consideration, we have determined that this dicta in
 
 Parsons I
 
 is unsound to the extent that it suggests that the constitutional validity of the prior convictions is part of the probable cause determination.
 

 We first conclude that the constitutional validity of a prior DUI conviction need not be part of the probable cause determination because the prior convictions are not elements of a charge of driving under the influence. In Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983), we held that a prior version of the DUI statute merely provided for enhancement of penalty for subsequent convictions of the same or a similar offense and did not set forth a separate felony offense specifying prior convictions as separate elements. The DUI statutes were amended in 1983, with the offense and sentencing provisions being separated into different statutes-NRS 484.379 and NRS 484.3792.
 
 See
 
 1983 Nev. Stat., ch. 426, §§ 8, 10, at 1068-72. Although this amendment was not at issue in
 
 Koenig,
 
 we observed that it “is specific in its provisions that prior convictions are to be used for enhancement of penalty” and supported our conclusion that even under the pre-amendment version, the legislature intended the prior convictions to be used for enhancement and not as elements of the offense.
 
 Id.
 
 at 784 n.3, 672 P.2d at 40 n.3;
 
 see also
 
 NRS 484.3792(2) (providing that facts concerning prior convictions “must not be read to the jury or proved at trial but must be proved at the time of sentencing”). Thus, the prior convictions are not themselves elements of a felony charge of driving under the influence in violation of NRS 484.379. As such, an evidentiary evaluation of the prior convictions is not necessary to determine whether the offense has been committed for purposes of a probable cause determination.
 
 [5]
 

 However, the legislature has provided that where the principal offense is alleged to be a felony, the facts concerning a prior
 
 *935
 
 offense must be shown at the preliminary examination. Specifically, NRS 484.3792(2) provides:
 

 The facts concerning a prior offense must be alleged in the complaint, indictment or information, must not be read to the jury or proved at trial but must be proved at the time of sentencing and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination or presented to the grand jury.
 

 We must then determine what facts concerning a prior offense must be shown at the preliminary examination.
 

 The statute provides that the “facts concerning a prior offense” must be alleged in the charging document and shown at the preliminary examination. We previously have dealt with the requirement as to the facts that must be alleged in the charging document. In that context, we have indicated that the purpose of subsection (2) is to put the defendant in a DUI case on notice of the possible penalties faced and provide the defendant with enough information to challenge the validity of alleged prior convictions.
 
 See
 
 Dressler v. State, 107 Nev. 686, 689, 819 P.2d 1288, 1289-90 (1991). We have indicated that the facts concerning the prior convictions that must be alleged in the charging document include the dates of the prior offenses and convictions and the locations where the prior offenses occurred or the courts that entered the prior convictions.
 
 See
 
 Phipps v. State, 111 Nev. 1276, 903 P.2d 820 (1995);
 
 Dressler,
 
 107 Nev. at 689-90, 819 P.2d at 1289-90. These facts must also be shown at the preliminary examination because they permit the justice’s court to determine whether there is probable cause to believe that the defendant has two or more prior offenses within 7 years for the same or similar conduct.
 
 See
 
 NRS 484.3792(1)(c) & (8). These facts are sufficient to find probable cause to believe the defendant has committed a felony.
 

 The particular question implicated in this case, and mentioned in dicta in
 
 Parsons I,
 
 is whether the constitutional validity of the prior convictions for enhancement purposes is properly the subject of a preliminary examination in a felony DUI case. We conclude that it is not.
 

 The language of NRS 484.3792(2) does not require that the constitutional validity of the prior convictions be established at the preliminary examination. The statute provides only that the “facts concerning a prior offense” must be shown at the preliminary examination. It is clear from the way the statute is constructed that the same facts must be alleged in the charging document. We have never required that facts establishing the constitutional validity of
 
 *936
 
 a prior offense be alleged in the charging document. While the requirement that the facts concerning the prior offense be alleged in the charging document appears to be addressed to concerns of fair notice regarding the penalty faced by the defendant, the requirement that the same facts be shown at the preliminary examination appears to be addressed to concerns that the State be able to substantiate the existence of the prior offenses before being permitted to proceed on a felony charge. We conclude that this concern is adequately met where the State presents evidence that the defendant has convictions for two or more offenses, as defined by NRS 484.3792(8), within 7 years of the charged offense. The constitutional validity of prior convictions being offered for enhancement purposes, a requirement that grows out of decisional law and not the statute, is for the trial court to determine at, or anytime before, sentencing.
 
 [6]
 

 See
 
 Ronning v. State, 116 Nev. 32, 992 P.2d 260 (2000). We therefore overrule
 
 Parsons I
 
 to the extent that it reaches the contrary conclusion.
 

 We further conclude that this procedure avoids the inherent difficulties in resolving the issue of the constitutional validity of the prior convictions at the probable cause stage, but still protects the rights of the accused. Our first practical concern is one of time. The preliminary examination generally must be conducted within 15 days.
 
 See
 
 NRS 171.196(2). Where the prior convictions are from outside the State of Nevada, it may be difficult for the State to obtain the records necessary to establish the constitutional validity of the prior convictions within this time period. We recognize that the 15-day period may be extended based upon a showing of good cause, NRS 171.196(2); however, we conclude that the constitutional validity of the prior DUI convictions is best dealt with at or before sentencing rather than delaying the preliminary examination and possibly extending the accused’s pretrial confinement unnecessarily.
 

 Our second practical concern is with the nature of the preliminary examination. The preliminary examination is not intended to be a mini-trial.
 
 See
 
 State of Nevada v. Justice Court, 112 Nev. 803, 806, 919 P.2d 401, 402 (1996). Given that the constitutional validity of a prior conviction is subject to a different burden of proof than the typical burden at a preliminary examination and that the burden shifts depending on the nature of the prior con
 
 *937
 
 viction,
 
 [7]
 
 we conclude that making this an issue at the preliminary examination stage of the proceedings on a felony DUI charge would unduly confuse and complicate the proceedings in the justice’s court.
 
 [8]
 

 Finally, leaving the issue of the constitutional validity of the prior DUI convictions to be resolved by the district court does not deprive an accused of any rights. In fact, because the accused is facing a felony charge, he will be entitled to a jury trial in district court.
 
 See
 
 Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 748 P.2d 494 (1987),
 
 aff’d,
 
 489 U.S. 538 (1989). The facts concerning the prior convictions may not be considered by the jury in determining the accused’s guilt or innocence.
 
 See
 
 NRS 484.3792(2). Thus, an accused is not prejudiced by allowing the State to proceed on a felony DUI charge without a determination at the preliminary examination that the prior convictions are constitutionally valid.
 

 Although we conclude that the constitutional validity of the prior convictions should not have been addressed at the preliminary examination, we nonetheless conclude that Parsons’ conviction must be reversed. In particular, we conclude that under the unique circumstances of this case, the district court erred in permitting the State to file an information by affidavit following Parsons’ discharge upon preliminary examination. NRS
 
 *938
 
 173.035(2) is ‘“a safeguard against
 
 egregious error
 
 by a magistrate in determining probable cause, not a device to be used by a prosecutor to satisfy deficiencies in evidence at a preliminary examination, through affidavit.’ ” State of Nevada v. District Court, 114 Nev. 739, 741-42, 964 P.2d 48, 49 (1998) (quoting Cranford v. Smart, 92 Nev. 89, 91, 545 P.2d 1162, 1163 (1976)). Here, the State relied on evidence that was not provided to the justice’s court to establish the constitutional validity of the Beatty conviction. The State cannot use an information by affidavit in this manner.
 
 See id.
 
 Given the prior proceedings in this case and our decision in
 
 Parsons I,
 
 the State had ample time and opportunity to obtain the necessary documentation to demonstrate the constitutional validity of the prior convictions and should have been prepared to do so at the preliminary examination. Additionally, considering this court’s statements in
 
 Parsons I,
 
 which essentially instructed the justice’s court that if it believed the prior offenses were not constitutionally valid it could discharge Parsons, it cannot be said that the justice’s court committed egregious error. Accordingly, we conclude that the district court erred in permitting the State to file an information by affidavit pursuant to NRS 173.035(2).
 
 [9]
 
 We therefore reverse Parsons’ conviction.
 

 CONCLUSION
 

 We conclude that the State is not required to establish the constitutional validity of a prior DUI conviction for enhancement purposes at the preliminary examination stage of proceedings on a felony DUI charge. Nonetheless, we conclude that Parsons’ conviction must be reversed because, in discharging Parsons on the felony DUI charge, the justice’s court was following language in a prior decision of this court in this case and, therefore, the district court erred in concluding that the justice’s court had committed egregious error and in permitting the State to file an information by affidavit.
 

 [1]
 

 Parsons first raised this issue just before the preliminary examination. At that time, Parsons argued that the Beatty conviction should be suppressed. The parties conferred off-the-record with the justice of the peace and then commenced the preliminary examination.
 

 [2]
 

 We note that the justice’s court may have been wrong to suggest that the Beatty complaint would have been dismissed or reduced to a first-offense DUI based on the error in describing the location of the prior offense.
 
 See
 
 Dressler v. State, 107 Nev. 686, 689, 819 P.2d 1288, 1290 (1991) (holding that error in description of prior conviction does not preclude use of prior conviction for enhancement purposes unless defendant can show that omission or inaccuracy in describing prior conviction prejudiced him).
 

 [3]
 

 NRS 173.035(2) provides, in relevant part:
 

 If, however, upon the preliminary examination the accused has been discharged ... the district attorney may, upon affidavit of any person who has knowledge of the commission of an offense, and who is a competent witness to testify in the case, setting forth the offense and the name of the person or persons charged with the commission thereof, upon being furnished with the names of the witnesses for the prosecution, by leave of the court first had, file an information, and process must forthwith be issued thereon.
 

 [4]
 

 Of course, the accused may waive the preliminary examination, at which point the justice’s court’s involvement is concluded unless the waiver is conditional and the case is subsequently remanded by the district court for a preliminary examination.
 
 See
 
 NRS 171.196(1); NRS 171.208.
 

 [5]
 

 We note that the United States Supreme Court has recently reiterated that where a sentence enhancement is based on the fact of a prior conviction, that fact need not be submitted to a jury.
 
 See
 
 Apprendi v. New Jersey, 530 U.S. 466 (2000).
 

 [6]
 

 We note that the district court’s pretrial resolution of challenges to the constitutional validity of the alleged prior convictions greatly enhances judicial economy and the efficiency of the proceedings. Such a procedure eliminates the necessity and expense of felony jury trials where the prior convictions are constitutionally infirm and cannot be used for enhancement purposes. Therefore, we expressly endorse and encourage the filing of pretrial motions challenging the constitutional validity of the prior convictions.
 

 [7]
 

 The use of prior convictions for enhancement purposes is governed by different standards depending on whether the prior conviction is for a misdemeanor or a felony. In order to use a prior misdemeanor conviction for enhancement purposes, the State must affirmatively show “either that counsel was present or that the right to counsel was validly waived, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings.” Dressler v. State, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991). In order to use a prior felony conviction for enhancement purposes, the State bears the initial burden of production, which is met by presenting prima facie evidence of the existence of the prior conviction.
 
 Id.
 
 If the record of the prior conviction, on its face, raises a presumption of constitutional infirmity, then the State must present evidence to prove by a preponderance that the prior conviction is constitutionally valid.
 
 Id.
 
 at 697-98, 819 P.2d at 1295-96. If the record does not, on its face, raise a presumption of constitutional infirmity, then the conviction is afforded a presumption of regularity and the defendant must overcome that presumption by presenting evidence to prove by a preponderance that the prior conviction is constitutionally infirm.
 
 Id.
 
 at 698, 819 P.2d at 1296.
 

 [8]
 

 We do not mean to suggest that the justices’ courts are not equipped to resolve this issue. These judges must resolve the constitutional validity of prior DUI convictions in dealing with misdemeanor DUI charges under NRS 484.3792(1)(b). Our concern, however, is that this issue unduly complicates the preliminary examination, which is otherwise meant to be a quick and simple determination of probable cause.
 

 [9]
 

 We also note that the State relied, in part, on an affidavit of the prosecuting attorney in support of its motion to file an information by affidavit. We have previously stated that the affidavit of a prosecutor is not sufficient to satisfy the statutory requirement of an affidavit of a competent witness with knowledge of the commission of the offense.
 
 See
 
 Cipriano v. State, 111 Nev. 534, 540, 894 P.2d 347, 351 (1995),
 
 overruled on other grounds by
 
 State of Nevada v. District Court, 114 Nev. 739, 964 P.2d 48 (1998).