JAMES KOLLER, APPELLANT, v. THE STATE OF NEVADA AND LEON ABERASTURI, LYON COUNTY DISTRICT ATTORNEY, RESPONDENTS.

No. 43737

March 16, 2006                                    130 P.3d 653

---

[1]*See* NRS 244A.689(1)(c).

*Wayne A. Pederson*, Public Defender, Lyon County, for Appellant.

*George Chanos*, Attorney General, Carson City; *Leon A. Aberasturi*, District Attorney, and *Eileen Barnett*, Deputy District Attorney, Lyon County, for Respondents.

Before DOUGLAS, BECKER and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

In this appeal, we address the justice court's jurisdiction to hear a motion to dismiss a felony complaint for violations of the

Interstate Agreement on Detainers (IAD)[1] and NRS 171.070.[2] We conclude that the justice court has jurisdiction to hear a motion to dismiss a felony complaint for violations of both the IAD and NRS 171.070. Thus, we reverse the district court's decision and remand for the district court to vacate its writ. The justice court may then determine the merits of appellant's motion to dismiss.

## FACTS

The appellant, James Koller, was served with a temporary restraining order after going uninvited to the home of a woman with whom he had previously had a romantic relationship. The woman later extended the restraining order, which Koller subsequently violated by sending various threatening emails to the woman over a three-month period. Koller was a California resident at the time he violated the restraining order, and he was first charged and sentenced in California for the violations.

Koller was also charged in the justice court in Lyon County, Nevada, with five counts of violating an extended order for protection against stalking, a class C felony, and nine counts of violating a temporary order for protection against stalking, a gross misdemeanor. During January and February 2003, while incarcerated in California, Koller made several requests under the IAD for final disposition of the pending Nevada charges. In March 2003, the State requested that California detain Koller for disposition in Nevada. California advised the State that Koller was available for disposition in Nevada, and in August 2003, the State filed a request for temporary custody with California.[3]

Koller was paroled in California in October or November 2003. He was then extradited to Nevada, where he moved to dismiss the criminal complaint in the justice court. He argued that the complaint should be dismissed because (1) the State did not act within the statute of limitations prescribed by the IAD; and (2) under NRS 171.070, the complaint was barred as a multiple prosecution.[4] The State did not substantively oppose Koller's motion. Instead, the State argued that the justice court did not have jurisdiction to hear the motion to dismiss because the underlying criminal charges

---

[1]The IAD is located at NRS 178.620.

[2]NRS 171.070 bars prosecution or indictment in Nevada for an act committed within the jurisdictions of Nevada and another state, territory or country when the defendant already has been convicted or acquitted of the act in the other state, territory or country.

[3]Although the parties dispute whether Koller's requests under the IAD were procedurally proper, this is of no consequence to the issues presently before this court.

[4]Koller also argued that the Double Jeopardy Clause of the Nevada Constitution prohibited the multiple prosecutions. However, he did not raise this argument on appeal, and therefore, we have not addressed it.

were felonies and gross misdemeanors (collectively "felonies"). Following oral argument, the justice court found that it had jurisdiction to hear the motion to dismiss and ordered the parties to submit supplemental briefing on the substantive issues.

The State filed with the district court a writ of prohibition or, in the alternative, a writ of mandamus, asking the district court to direct the justice court to refrain from further proceedings on the motion to dismiss. Without oral argument, the district court found that the justice court did not have jurisdiction to hear the motion to dismiss for violations of the IAD and thereby granted the State's petition for a writ of prohibition. The district court did not make an express finding regarding the justice court's jurisdiction to hear NRS 171.070 claims. Pursuant to the writ of prohibition, the justice court entered a stipulation and order vacating its hearing on the motion to dismiss and staying further proceedings pending appeal.

## DISCUSSION

The writ of prohibition "arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."[5] A district court has constitutional authority to issue a writ of prohibition against a lower tribunal.[6] We generally review a district court's grant or denial of writ relief for an abuse of discretion.[7] However, when the writ involves questions of statutory construction, including the meaning and scope of a statute, we review the decision de novo.[8]

Additionally, when interpreting statutes, if the language of a statute is clear on its face, we will "ascribe to the statute its plain meaning and not look beyond its language."[9] But when the language of the statute is ambiguous, we interpret the statute in "accordance with reason and public policy."[10] Here, we consider whether the IAD and NRS 171.070 vest jurisdiction to hear motions to dismiss in the justice court.

---

[5]NRS 34.320.

[6]Nev. Const. art. 6, § 6.

[7]*City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003); *County of Clark v. Doumani*, 114 Nev. 46, 53, 952 P.2d 13, 17 (1998).

[8]*City of Reno*, 119 Nev. at 58, 63 P.3d at 1148.

[9]*Lader v. Warden*, 121 Nev. 682, 687, 120 P.3d 1164, 1167 (2005).

[10]*Id.*

*IAD*

We have not previously addressed whether justice courts have jurisdiction to hear motions to dismiss felony complaints[11] for violations of the IAD. The State argues that the justice court is constitutionally and statutorily limited jurisdictionally to misdemeanor cases and, therefore, the justice court may not hear a motion to dismiss in a felony case. Although we agree that justice courts are "courts of limited jurisdiction and have only the authority granted by statute,"[12] we disagree that justice courts may not hear a motion to dismiss a felony complaint for violation of the IAD.

The IAD is an agreement adopted by various states, which allows out-of-state criminal defendants to obtain disposition of criminal charges filed in a party state.[13] Under the IAD, a defendant shall be brought to trial within 180 days after giving notice to the "appropriate court."[14] And the warden shall notify all "appropriate . . . courts" of the defendant's request.[15]

The IAD does not define what is the "appropriate court" where the defendant should make the request,[16] which would also be the appropriate court to hear violations of the IAD. Although not defining "appropriate court," the IAD does discuss "untried indictments, information or *complaints*."[17] Although in the criminal

---

[11]For purposes of this opinion, "felony complaints" includes gross misdemeanor complaints or charges.

[12]*Parsons v. State*, 116 Nev. 928, 933, 10 P.3d 836, 839 (2000).

[13]*See* NRS 178.620 Art. I.

[14]*Id.* at Art. III(a).

[15]*Id.* at Art. III(d).

[16]Some jurisdictions statutorily define "appropriate court" as any court with criminal jurisdiction, 18 U.S.C. App. 2 § 4 (2000) (Interstate Agreement on Detainers) ("The term 'appropriate court' as used in the agreement on detainers shall mean . . . [the court] in which indictments, informations, or complaints, for which disposition is sought, are pending."); Utah Code Ann. § 77-29-6 (2003) (defining appropriate court as "any court with criminal jurisdiction in the matter involved"); Wash. Rev. Code § 9.100.020 (2003) (defining appropriate court as "any court with criminal jurisdiction"), while other jurisdictions define "appropriate court" as the district court, Mont. Code Ann. § 46-31-102 (2005) ("'[A]ppropriate court,' as used in the agreement on detainers, shall with reference to the courts of this state mean district courts."). Because the jurisdictions differ with regard to which court is the "appropriate court," other jurisdictions' definitions are of little help to this court in making our conclusion.

[17]NRS 178.620 Art. I (emphasis added); *see* NRS 178.620 Art. III(a), (c), (d); NRS 178.620 Art. IV(a), (e); NRS 178.620 Art. V(a), (c), (d), (h).

context "[j]ustices' courts have jurisdiction of all misdemeanors and no other criminal offenses,"[18] justice courts have jurisdiction to conduct preliminary examinations in felony complaints.[19] Thus, under the IAD, the justice court is the "appropriate court" for IAD-related challenges to felony complaints.

The State argues that because the IAD mentions "untried" before indictment, information, and complaint, the justice court has no jurisdiction because a felony complaint cannot be tried in the justice court. However, felony complaints, while not triable in justice court, are still *untried* complaints. Thus, felony complaints fall within the IAD's plain language. Therefore, we conclude that the justice court has jurisdiction to hear a motion to dismiss a felony complaint for violations of the IAD.

## NRS 171.070

Koller argues that the plain language of NRS 171.070[20] does not limit jurisdiction to the district court. He also argues that under this court's prior decisions, interpreting NRS 171.070 as permitting jurisdiction in the justice court is proper. We agree.

NRS 171.070 is silent with respect to whether a challenge to a complaint based on NRS 171.070 can be heard in justice court. Thus, we must interpret it in accordance with reason and policy. We have previously addressed the merits of an appeal without commenting on any jurisdictional defect regarding a motion to dismiss a felony complaint filed in justice court.[21] As Koller correctly asserted, had jurisdiction been lacking in those instances, we would

---

[18]NRS 4.370(3).

[19]*See* NRS 171.196. The preliminary examination is limited in scope and is "not a trial and the issue of defendant's guilt or innocence is not a matter before the [justice] court." *Parsons v. State*, 116 Nev. 928, 933, 10 P.3d 836, 839 (2000); *State of Nevada v. Justice Court*, 112 Nev. 803, 806, 919 P.2d 401, 402 (1996).

[20]NRS 171.070, entitled "Conviction or acquittal in another state, territory or country is bar where jurisdiction is concurrent," states that "[w]hen an act charged as a public offense is within the jurisdiction of another state, territory or country, as well as of this state, a conviction or acquittal thereof in the former is a bar to the prosecution or indictment therefor in this state."

[21]*State of Nevada v. District Court*, 114 Nev. 739, 964 P.2d 48 (1998) (defendant filed a motion to dismiss a felony complaint for violations of NRS 178.562(2)); *State v. Fain*, 105 Nev. 567, 779 P.2d 965 (1989) (defendant filed a motion to dismiss the felony complaint in the justice court arguing that his constitutional right to a speedy trial had been denied); *State v. Autry*, 103 Nev. 552, 746 P.2d 637 (1987) (defendant filed a motion to dismiss a felony complaint in the justice court due to prejudice to fair trial rights because of the State's delay in bringing charges).

have exercised our sua sponte powers and addressed it. Thus, it is not incongruent with prior decisions to interpret NRS 171.070 as permitting justice court jurisdiction over motions to dismiss felony complaints.

Also, we have previously addressed justice court jurisdiction over various aspects of felony cases. Although we generally interpret justice court jurisdiction over most aspects of felony cases as limited, our limitation has historically been based on the fact that the challenges involved various evidentiary issues better reserved for the trial court.[22] We have also interpreted jurisdiction as limited where there is an express statutory committal of jurisdiction to the trial court.[23] Those situations are not present in the instant case. Thus, we conclude that the justice court has jurisdiction to hear a motion to dismiss a felony complaint for violations of NRS 171.070.

## CONCLUSION

We conclude that because justice courts have jurisdiction to hear motions to dismiss felony complaints for violations of the IAD and NRS 171.070, the district court abused its discretion by granting the State's writ of prohibition.[24] Accordingly, we reverse the district court's decision and remand this case for the district court to vacate its writ. The justice court may then determine the merits of Koller's motion to dismiss for violations of the IAD and NRS 171.070.

---

[22]*See, e.g., Parsons,* 116 Nev. at 931-32, 936-37, 10 P.3d at 837-38, 841-42 (concluding that a defendant may not challenge, at the preliminary hearing, the use of a prior, allegedly defective conviction as a sentencing enhancement because it would cause unnecessary delay of the preliminary hearing and there was a difference in the burden of proof between the constitutional validity of a prior conviction and the typical burden of proof at the preliminary hearing); *State of Nevada v. Justice Court,* 112 Nev. at 806, 919 P.2d at 402 (concluding that the justice court has no jurisdiction to order discovery in a preliminary hearing because ''[t]o conclude otherwise would turn the preliminary hearing into a trial, resulting in significant delays and an increased burden on the judicial system'').

[23]*Woerner v. Justice Court,* 116 Nev. 518, 524, 1 P.3d 377, 380 (2000) (holding that the justice court has no jurisdiction over motions to dismiss for incompetence to stand trial because NRS 178.405 expressly gave the trial court the authority to decide competency issues, which in *Woerner* was the district court).

[24]Koller also argued that the district court abused its discretion by granting the writ of prohibition because the district court did not follow proper procedure when issuing the writ, which denied Koller due process, and because the State had an adequate and speedy remedy. Our conclusion that the writ of prohibition was improper because the justice court has jurisdiction to hear the motion to dismiss necessarily renders these issues moot.