An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
PATRICK ANTHONY OKROI,
Respondent.

No. 62948



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting respondent Patrick Anthony Okroi's petition for a writ of mandamus. Seventh Judicial District Court, Eureka County; Steve L. Dobrescu, Judge.

Okroi was charged with transporting a controlled substance. The justice court continued Okroi's preliminary hearing twice because it was not satisfied with his written waivers of personal appearance. The justice court rejected the first waiver because it did not meet the requirements of NRS 178.388, and it rejected the second waiver because it did not meet the requirements of *State v. Sargent*, 122 Nev. 210, 128 P.3d 1052 (2006). The justice court then entered an order requiring Okroi's waiver to list the preliminary hearing rights that he was advised of and was abandoning. Okroi petitioned the district court for a writ directing the justice court to honor his already-executed waiver of personal appearance and proceed with the preliminary hearing. The district court granted Okroi's petition. This appeal followed.

The State contends that the district court erred by granting respondent's petition for a writ of mandamus because the justice court did

13-27661

not manifestly abuse its discretion by rejecting written waivers that did not conform to *Sargent*. The State argues that the justice court should be allowed to question the adequacy of a written waiver and require Okroi to provide clear documentation that he is aware of the rights he is relinquishing by waiving his appearance at the preliminary hearing.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or control discretion when it is manifestly abused or exercised arbitrarily or capriciously, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981); *see also State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion in context of mandamus). The writ will not issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. And, because a writ of mandamus is an extraordinary remedy, the decision to entertain a petition for a writ of mandamus lies completely within the court's discretion. *Hickey v. Eighth Judicial Dist. Court*, 105 Nev. 729, 731, 782 P.2d 1336, 1338 (1989). As a general rule, we review a district court's decision to grant or deny a writ petition under an abuse-of-discretion standard. *Koller v. State*, 122 Nev. 223, 226, 130 P.3d 653, 655 (2006).

In *Sargent* we determined that NRS 178.388 does not apply to preliminary hearings, 122 Nev. at 213, 128 P.3d at 1054, and we stated that justice courts "do not have authority to order the defendant's personal appearance when the defendant files a waiver of personal appearance and retains counsel who appears on his behalf," *id.* at 217, 128 P.3d at 1056-57. Nowhere in *Sargent* did we require a defendant's waiver to follow a

specific format or to enumerate the rights a defendant relinquishes by waiving his personal appearance at the preliminary hearing. Consequently, the district court properly determined that "the justice court ignored a clear duty to follow binding precedent by requiring petitioner to provide a more exacting waiver instead of proceeding with the preliminary hearing as requested by the petitioner" and did not abuse its discretion by granting Okroi's petition for a writ of mandamus. We therefore

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                               Saitta

cc:   Hon. Steve L. Dobrescu, District Judge
      Attorney General/Carson City
      Eureka County District Attorney
      State Public Defender/Ely
      State Public Defender/Carson City
      Eureka County Clerk

---

[1]The fast track statement and reply do not comply with formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because they are not double-spaced, and the fast track response does not comply with formatting requirements of NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not have one-inch margins on all four sides. We caution counsel for the parties that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).