THE STATE OF NEVADA, Appellant, *v.*
JOSEPH TIMOTHY SARGENT, Respondent.

No. 44558

February 23, 2006 128 P.3d 1052

[Rehearing denied April 18, 2006]

[En banc reconsideration denied June 15, 2006]

*George Chanos*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Terrence P. McCarthy*, Deputy District Attorney, Washoe County, for Appellant.

*Lane, Fahrendorf, Viloria & Oliphant, LLP*, and *Thomas E. Viloria*, Reno, for Respondent.

Before ROSE, C. J., DOUGLAS and PARRAGUIRRE, JJ.

## OPINION

*Per Curiam:*

In this appeal, we decide whether the justice courts have jurisdiction to order a defendant to personally appear at a preliminary hearing when the defendant has filed a waiver of personal appearance and his counsel has appeared on his behalf. The State charged Joseph Timothy Sargent with indecent exposure under NRS 201.220. Sargent filed a waiver of personal appearance at the preliminary hearing before the justice court. The justice of the peace continued the matter and ordered Sargent to personally appear at the next scheduled date. Sargent filed a petition for a writ of certiorari with the district court. The district court issued the writ, ruling that the justice court was without authority to order a crim-

inal defendant to personally appear at a preliminary hearing, and ordering the justice court to vacate its prior order.

The State appeals, arguing that a justice court has the authority to order a defendant to appear at a preliminary hearing. We conclude that justice courts do not have the jurisdictional power to order a defendant to appear in person at a preliminary hearing where the defendant has appeared through counsel and has filed a waiver of personal appearance.

## FACTS

The State filed a criminal complaint in Reno Justice Court, charging Sargent with one count of indecent exposure in violation of NRS 201.220 for allegedly masturbating in front of a woman at a car wash in Reno, Nevada. Sargent waived his initial appearance on the charges. At the first preliminary hearing, Sargent's counsel appeared and filed a waiver of personal appearance. The preliminary hearing was continued by stipulation of the parties.

At the rescheduled preliminary hearing, Sargent again filed a waiver of personal appearance and his counsel appeared on his behalf. The State opposed going forward with the preliminary hearing absent a stipulation from Sargent's counsel ''that the defendant is the person who has done the thing that we are alleging in the complaint.'' The State noted that without Sargent present at the hearing, the State's witness could not identify him as the one who committed the crime. In reply, Sargent's counsel noted that identification was an issue in this case and that the description given by the witness did not match his client, nor did the description of the vehicle match his client's vehicle. Sargent's counsel argued that under NRS 178.388,[1] Sargent is only required to be present at arraignment, trial, and sentencing and that nothing in Nevada law requires his personal presence at the preliminary hearing. After reviewing NRS 178.388, the justice of the peace ruled that NRS 178.388 requires the defendant's presence at the preliminary hearing. The justice court continued the preliminary hearing and ordered Sargent to personally appear at the rescheduled date.

Sargent filed a petition for a writ of certiorari before the district court.[2] The district court issued the writ and ordered the case

---

[1]NRS 178.388 provides that the defendant must be present at arraignment, trial, and sentencing and provides that the defendant may waive his appearance when certain conditions are met.

[2]The State's argument that the district court erred in granting the writ of certiorari because it acted in an error-correcting capacity is without merit. The district court merely determined whether the justice court had exceeded its jurisdiction when it ordered Sargent to appear at the next preliminary hearing. The State's other arguments regarding the district court's order are also without merit.

transferred to the district court. The district court heard oral argument on the matter and ruled that the justice court lacked authority to order a criminal defendant to appear at the preliminary hearing. The district court issued an order reversing the justice court and directing it to vacate its prior order requiring Sargent's presence at the preliminary hearing. The State appeals.

## *DISCUSSION*

In order to decide whether the justice court had the authority to order Sargent to appear at the next preliminary hearing, we must interpret several statutes. Statutory construction is a question of law subject to de novo review.[3] When construing a statute, this court first attempts to discern the legislative intent from the plain meaning of the words in the statute[4] and "will not look beyond the plain language of the statute, unless it is clear that this meaning was not intended."[5] This court must also give meaning to each part of a statute, such that, when read in context, none of the statutory language is rendered meaningless.[6]

The State correctly notes that this case has nothing to do with the defendant's right to be present at the critical stages of the prosecution. The Sixth Amendment to the United States Constitution grants the defendant the right to be present during certain stages of his prosecution,[7] but nothing in the Constitution requires his presence at a preliminary hearing.[8]

NRS 178.388, however, requires the defendant's presence at arraignment, trial, and sentencing. The statute also provides for limited circumstances when the defendant may waive his personal presence. But nowhere in NRS 178.388 does it refer to a preliminary hearing. The State, recognizing this, concedes on appeal that nothing in NRS 178.388 requires the defendant's personal presence at a preliminary hearing.

The State, however, contends that the district court improperly equated "a defendant's waivable right to be present with the non-waivable obligation to appear." While other states have found such

[3]*City of Reno v. Reno Gazette-Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003).

[4]*Cleghorn v. Hess*, 109 Nev. 544, 548, 853 P.2d 1260, 1262 (1993).

[5]*State v. Quinn*, 117 Nev. 709, 713, 30 P.3d 1117, 1120 (2001).

[6]*Harris Assocs. v. Clark County Sch. Dist.*, 119 Nev. 638, 642, 81 P.3d 532, 534 (2003).

[7]*Faretta v. California*, 422 U.S. 806, 819 n.15 (1975).

[8]*State v. Dann*, 74 P.3d 231, 245-46 (Ariz. 2003).

an obligation, their statutory schemes are different from Nevada's.[9] As discussed, NRS 178.388, or any other Nevada statute, does not obligate the defendant to appear at a preliminary hearing. Thus, there is no direct statutory authority granting the justice courts jurisdiction to order the defendant to attend a preliminary hearing once he has waived his appearance.

As we have stated, "[t]he justice courts are courts of limited jurisdiction and have only the authority granted by statute."[10] A justice court has the direct authority granted to it by statute[11] and also has limited inherent authority to act in a particular manner to carry out its authority granted by statute.[12] In *State of Nevada v. Justice Court*, for example, we concluded that ordering criminal discovery before a preliminary hearing was beyond the statutory power or inherent authority of the justice courts.[13]

In the case of preliminary hearings, NRS 171.196 authorizes the justice court to conduct a preliminary hearing. A preliminary hearing must be held unless the defendant waives it.[14] If the defendant retains counsel, NRS 171.196 does not provide for the defendant's presence at the hearing, but neither does it provide for the defendant's waiver of his presence at the hearing. However, in the defendant's absence, the defendant's counsel may still present evidence on the defendant's behalf and cross-examine the witnesses against the defendant. In NRS 178.388, the Legislature explicitly specified when a defendant must be present; therefore, we will not infer that the defendant must be present during other proceedings

---

[9]*E.g., Ex Parte Wood,* 629 So. 2d 811 (Ala. Crim. App. 1993) (concluding that the Alabama waiver statute gave the court discretion whether to accept a waiver of personal appearance or not); *People ex rel. Farina v. District Court of 21st Jud. Dist.,* 522 P.2d 589 (Colo. 1974) (concluding that the Colorado Rules of Criminal Procedure provided the defendant with the opportunity to request a preliminary hearing and that, because the defendant requested the preliminary hearing, he had an obligation to appear). In Nevada NRS 171.196 automatically provides a preliminary hearing unless the defendant waives it.

[10]*State of Nevada v. Justice Court,* 112 Nev. 803, 805, 919 P.2d 401, 402 (1996) (citing *Parsons v. District Court,* 110 Nev. 1239, 1243, 885 P.2d 1316, 1319 (1994)); NRS 4.370(1), (3).

[11]*E.g.,* NRS 4.370(3) ("Justices' courts have jurisdiction of all misdemeanors and no other criminal offenses except as otherwise provided by specific statute."); NRS 171.196 (preliminary hearings).

[12]*State of Nevada v. Justice Court,* 112 Nev. at 805-06, 919 P.2d at 402; *see Abelleira v. District Court of Appeal, Third District,* 109 P.2d 942, 947 (Cal. 1941).

[13]112 Nev. at 805-06, 919 P.2d at 402, *superseded in part by* NRS 171.1965 (making certain materials subject to discovery by the defendant before the preliminary hearing).

[14]NRS 171.196(1)-(2).

unless the defendant's absence will impair the justice court's ability to conduct a proceeding.[15]

The State contends, to the contrary, (1) that the defendant must be present because the State "should have the ability to decide how to prove the identity of the perpetrator of a crime"; and (2) that as a matter of public policy, justice courts must have the inherent authority to compel the defendant's personal appearance or else they would be unable to hold preliminary hearings and bind defendants over for trial.

At a preliminary hearing, the State bears the burden to show "that there is probable cause to believe that an offense has been committed and that the defendant has committed it."[16] The State asserts, without citation to authority, that "it should have the ability to decide how to prove the identity of the perpetrator of a crime" because "two-dimensional photographs . . . are inherently inferior to a three dimensional portrayal, where the witness might observe the defendant's posture, his subtle mannerisms and his carriage in order to determine if the correct person has been arrested." While the State's comments on the qualities of photographic evidence may indeed be valid, we agree with the district court that there are ways for the State to carry its burden other than requiring the defendant's physical presence in the courtroom. The State's choice of methods to prove identification does not create the justice court's inherent authority to order the defendant's appearance.

In this case, the State elected to use in-court identification as its sole means of establishing identity,[17] which is obviously frustrated if the defendant waives his appearance at the preliminary hearing. Even so, there is no reason why the State cannot use an alternate form of identification such as the use of photographic evidence or a police line-up.[18] If the State must have the defendant's presence at the hearing, there is no reason why the State cannot subpoena

---

[15]For example, if the defendant has not retained counsel, he must be present at the preliminary hearing to defend himself, otherwise the hearing cannot be held.

[16]NRS 171.206.

[17]Identification is at issue because the description given by the witness does not match Sargent or his vehicle.

[18]*E.g., People v. Hart*, 976 P.2d 683, 732 (Cal. 1999) (noting that a defendant generally has no right to refrain from participating in a line-up for identification purposes).

him to appear.[19] However, regardless of how the State chooses to establish identity at a preliminary hearing, this choice does not create the jurisdictional authority for the justice court to order the defendant to appear in person at his preliminary hearing.

The State next argues that justice courts must have the inherent authority to compel the defendant's personal appearance or else they would be unable to hold preliminary hearings and bind defendants over for trial. The concept of inherent judicial authority originates from two different sources: the separation of powers doctrine and the inherent authority of a court to act so that it may carry out its judicial functions.[20] It is the latter source that the State argues provides the justice court with the inherent authority to compel Sargent's personal appearance in this case. As we have noted, "when a constitution or statute gives a general power, it also grants by implication every particular power necessary for the exercise of that power."[21]

NRS 171.196 provides the justice courts with the general jurisdictional power to conduct preliminary hearings and determine whether there is probable cause to bind a defendant over on the charges.[22] As discussed above, there is no requirement that the defendant be present and no reason why the preliminary hearing cannot be conducted outside the presence of the defendant. With his counsel present, the district court may hear evidence and determine whether there is probable cause to believe that an offense has been committed and that the defendant is the party who committed it. The defendant's counsel can present exculpatory evidence and can cross-examine the State's witnesses. In such a case, when the defendant files a waiver of his personal appearance and his counsel appears at the preliminary hearing on the date and time required, the defendant's lack of personal appearance does not constitute a failure to appear as the State suggests, nor does it violate bail or any of the statutes cited by the State on appeal.[23]

---

[19]In a case such as this, where the State did not know that the defendant filed a waiver of personal appearance until shortly before the hearing, the justice court would be entirely justified in continuing the preliminary hearing so the State could arrange for other means of identification.

[20]*Blackjack Bonding v. Las Vegas Mun. Ct.*, 116 Nev. 1213, 1218, 14 P.3d 1275, 1279 (2000).

[21]*Id.* at 1219, 14 P.3d at 1279.

[22]*See also* NRS 171.206.

[23]The State cites NRS 1.080 (requiring the parties to appear at the place and time appointed), NRS 1.210 (providing the courts with the power to preserve

In this case, Sargent filed a waiver of his personal appearance, and his counsel appeared at the preliminary hearing on the date and time required. Sargent filed the waiver with full knowledge that by doing so he waived certain rights guaranteed under the law, including the right to participate in his defense at the preliminary hearing. Sargent's absence does not prevent the justice court from exercising its judicial function, and absent statutory authority, the justice court is without the power to require Sargent's personal appearance at the preliminary hearing. Therefore, we conclude that the district court did not err in granting the petition for a writ of certiorari in this case and ordering the justice court to vacate its order requiring Sargent to appear.

## CONCLUSION

We conclude that, because of the justice courts' limited jurisdiction, they do not have authority to order the defendant's personal appearance when the defendant files a waiver of personal appearance and retains counsel who appears on his behalf. Accordingly, we affirm the order of the district court.

---

order and control the conduct in the courtroom), NRS 178.508 (providing for the forfeiture of bail when the defendant fails to appear), and NRS 199.335 (requiring the defendant's appearance when he is released with or without bail). However, none of these statutes provides the express authority to require the defendant's physical appearance at a preliminary hearing.

Nor do we find persuasive the State's suggestion that the justice courts would cease to function and that "some tens of thousands of bench warrants outstanding" would need to be quashed if this court concludes that the justice courts cannot require the defendant's physical presence at a preliminary hearing. Our holding today is not this broad. We merely hold that where the defendant retains counsel who appears for him at a preliminary hearing, and when the defendant files a waiver of his personal appearance, a justice court lacks jurisdiction to order the defendant to personally appear. If the defendant or his counsel does not appear, the justice court would have authority to issue a bench warrant for his arrest. *See* NRS 178.508.