An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD GARNER A/K/A EDWARD
EUGENE GARNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62379

**FILED**

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

In his July 9, 2012, petition, appellant claimed his trial counsel were ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different.

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). To the extent that appellant also attempted to appeal his judgment of conviction, appellant has already had a direct appeal challenging the judgment of conviction. *Garner v. State*, Docket No. 56989 (Order of Affirmance, September 13, 2012).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27786

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). To warrant an evidentiary hearing, a petitioner must raise claims that are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984).

First, appellant claimed that his trial counsel were ineffective for failing to object when the district court refused to strike two jurors for cause. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel moved to strike the two jurors for cause and the request was denied by the district court. Appellant failed to demonstrate that reasonable counsel would have made additional requests to strike those jurors for cause. Appellant also failed to demonstrate a reasonable probability of a different outcome at trial had counsel performed additional actions with respect to the two jurors as this court determined on direct appeal that the district court did not err in declining to remove the two jurors for cause. *Garner v. State*, Docket No. 56989 (Order of Affirmance, September 13, 2012). Therefore, the district court did not err in denying this claim.

Second, appellant claimed that trial counsel should have argued there was insufficient evidence to convict him of the use of a deadly weapon during the crime. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel argued that a BB gun should not be considered a deadly weapon.

However, appellant's BB gun met the statutory definition of a deadly weapon. *See* NRS 193.165(6)(c); NRS 202.265(5)(b). Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel made additional arguments regarding the deadly weapon enhancement as testimony presented at trial demonstrated that appellant threatened the victim with the weapon in order to rob him. *See* NRS 193.165(1). Therefore, the district court did not err in denying this claim.

Third, appellant claimed that trial counsel should have objected to the State's use of a photograph from the night of his arrest, as appellant asserted it was prejudicial because he wore a "doo-rag," was with the police, and was in handcuffs. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Counsel did object to the use of the photograph and the district court denied the objection as it concluded the photograph was proper to show that appellant matched the description given by the victim. There was strong evidence of appellant's guilt presented at trial, including that appellant was apprehended approximately seven minutes after the victim called the police, appellant wore the clothing described by the victim, and the victim's money and the pistol described by the victim were discovered in appellant's backpack. Given the strong evidence of appellant's guilt, appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel raised additional objections to the State's use of the photograph. Therefore, the district court did not err in denying this claim.

Fourth, appellant claimed that counsel were ineffective for going to trial without first obtaining discovery or exculpatory evidence. Appellant failed to demonstrate deficiency or prejudice for this claim as he

did not identify any discovery or evidence that counsel should have requested prior to trial. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Fifth, appellant claimed that his counsel were ineffective for allowing the State to invoke the exclusionary rule during the preliminary hearing. Appellant failed to demonstrate deficiency or prejudice for this claim as a party may properly request that witnesses are excluded from a proceeding "so that they cannot hear the testimony of other witnesses." NRS 50.155(1). To the extent appellant asserted that he was not permitted to attend the preliminary hearing due to the exclusionary rule, that assertion is belied by the record as appellant waived his right to appear at the preliminary hearing. *See State v. Sargent*, 122 Nev. 210, 216-17, 128 P.3d 1052, 1056 (2006). Therefore, the district court did not err in denying this claim.

Sixth, appellant claimed that his counsel were ineffective for failing to argue that the witnesses' testimony was inconsistent. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel argued that the victim's version of events was not believable and appellant failed to identify any additional inconsistencies that counsel should have highlighted. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Appellant failed to demonstrate a reasonable probability of a different outcome at trial had counsel made further arguments regarding inconsistent testimony as it is for the jury to determine the weight and credibility to give conflicting testimony. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981). Therefore, the district court did not err in denying this claim.

Seventh, appellant claimed that his counsel were ineffective for failing to argue that adjudication as a habitual criminal was not appropriate because his prior convictions were non-violent. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Counsel argued that appellant was not a danger to society and requested that the court only sentence appellant for the underlying offense and not as a habitual criminal. In addition, appellant's claim was belied by the record as he did have a prior conviction for a crime involving the use or threat of violence, a 2003 conviction for robbery. Appellant failed to demonstrate a reasonable probability of a different outcome had counsel raised further arguments regarding his previous convictions as the habitual criminal statute makes no special allowance for nonviolent crimes; that is merely a consideration within the discretion of the district court. *See Arajakis v. State*, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). Therefore, the district court did not err in denying this claim.[2]

Eighth, appellant claimed that his trial counsel were ineffective for failing to communicate appellant's acceptance of the State's plea offer and that a month-long delay in communication of his acceptance caused the State to rescind that offer. Appellant claimed that, but for the errors of counsel in communicating his acceptance of the plea offer, he

_____

[2]Appellant also appeared to claim that counsel was ineffective for informing him that the district court would not adjudicate him as a habitual criminal because his convictions were old and nonviolent. Appellant failed to demonstrate a reasonable probability of a different outcome at the sentencing hearing had counsel informed him differently about the possibility of adjudication as a habitual criminal.

would have received a sentence of 2 to 8 years for the robbery charge and 1 to 3 years for the deadly weapon enhancement. Appellant asserted that he communicated his acceptance of the offer to counsel, but that the State rescinded the offer due to counsel's delay in communicating the acceptance to the State. The record does not belie appellant's claim that there was a favorable plea offer that he attempted to accept. There is also no indication from the record that the State would have cancelled the plea offer even if it had been accepted in a timely manner and there is no indication that the district court would have refused to accept such a plea agreement. It would be deficient for counsel not to convey acceptance of a time-sensitive plea offer, and appellant may have suffered prejudice by the failure to communicate his acceptance of the offer. *See Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012) (stating that prejudice may be shown by demonstrating a reasonable probability that there was a plea offer from the State that the petitioner would have accepted, that the State would not have withdrawn it in light of intervening circumstances, that the district court would also have accepted it, and that it would have been less severe than the actual sentence imposed).

Therefore, we reverse the district court's decision to deny this claim and remand for an evidentiary hearing over whether such a plea offer was made by the State, whether appellant actually communicated his acceptance of a plea offer to counsel, whether any failure of counsel to communicate appellant's acceptance to the State or other error of counsel



caused the State to rescind the offer, and whether the district court would have actually accepted the plea agreement.[3]

Next, appellant claimed that his appellate counsel was ineffective. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Appellate counsel is not required to raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Rather, appellate counsel will be most effective when every conceivable issue is not raised on appeal. *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989).

First, appellant claimed that his appellate counsel failed to argue that the testimony presented at trial was inconsistent. Appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. As discussed previously, it is for the jury to determine the weight and credibility to give conflicting testimony. *See Bolden*, 97 Nev. at 73, 624 P.2d at 20. Appellant failed to demonstrate a reasonable likelihood of success had his appellate counsel argued the State's

---

[3]Upon remand, the district court may exercise its discretion to consider the factors set forth in NRS 34.750(1) and appoint post-conviction counsel. We note appellant's counsel at trial were Jeremy Storms and Michael Wilfong.

(O) 1947A

witnesses' provided inconsistent testimony. Therefore, the district court did not err in denying this claim.

Second, appellant claimed that his appellate counsel failed to argue that the State did not disclose exculpatory evidence prior to trial. Appellant failed to demonstrate deficiency or prejudice for this claim as he did not identify any discovery or evidence that the State did not disclose prior to trial. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Third, appellant claimed that his appellate counsel failed to argue the State improperly invoked the exclusionary rule at the preliminary hearing. Appellant cannot demonstrate deficiency or prejudice for this claim because, as discussed previously, a party may properly request exclusion of witnesses from a hearing. *See* NRS 50.155(1). Therefore, the district court did not err in denying this claim.

Next, appellant claimed that the victim's identification of him was highly suggestive, he was not properly adjudicated as a habitual criminal, the trial court should not have allowed correctional officers to stand near him during trial, and the State's witnesses committed perjury. These claims could have been raised on direct appeal and appellant failed to demonstrate cause for the failure to do so and actual prejudice. *See* NRS 34.810(1)(b). Therefore, the district court did not err in denying these claims.

Finally, appellant claimed that the trial court erred in rejecting his proposed jury instructions. This claim was considered and rejected on direct appeal. *Garner v. State*, Docket No. 56989 (Order of Affirmance, September 13, 2012). The doctrine of law of the case prevents further litigation of this claim and "cannot be avoided by a more detailed

and precisely focused argument." *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975). Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[4]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Stefany Miley, District Judge
Edward Garner
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[4]We have considered all proper person documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.