An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PAUL LANE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66733

FILED

NOV 13 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of assault with a deadly weapon and carrying a concealed weapon. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant David Lane first argues that the district court erred in denying his motion to suppress the gun that was recovered from his person. He argues that neither probable cause nor exigent circumstances were present to justify the sheriff's deputy's searching him without a warrant.

Though "[w]arrantless searches and seizures inside a home without a warrant are presumptively unreasonable," a warrantless search is permitted when justified by both probable cause and exigent circumstances. *Doleman v. State*, 107 Nev. 409, 413, 812 P.2d 1287, 1289 (1991). In reviewing a district court's decision regarding a motion to suppress, we review findings of fact for clear error and the legal consequences of those facts de novo. *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

15-34648

Our review of the record reveals no error regarding suppression of the gun. When the deputy attempted to apprehend Lane, Lane had been observed exiting a vehicle with a license plate number matching that reported to the police of the suspect's getaway vehicle, the suspect was sought for brandishing a gun in a restaurant, and Lane's appearance was consistent with the witnesses' descriptions of the suspect. Lane fled when told to stop, and the deputy entered Lane's residence when Lane continued through the threshold after the deputy had grabbed Lane's shirt. We agree with the district court's determination that probable cause existed to conduct a warrantless entry and arrest because the record contains facts sufficient to show that police had reasonably trustworthy information that would have warranted a person of reasonable caution to believe that Lane had committed a felony when the deputy apprehended and searched him. *See Doleman*, 107 Nev. at 413, 812 P.2d at 1289. The record reveals sufficient and articulable facts *to* warrant a reasonably prudent officer to believe that the exigent circumstance of a threat to public and officer safety was present. *See Hayes v. State*, 106 Nev. 543, 550, 797 P.2d 962, 966 (1990), *overruled on other grounds by Ryan v. Eighth Judicial Dist. Court*, 123 Nev. 419, 168 P.3d 703 (2007); *Murray v. State*, 105 Nev. 579, 583, 781 P.2d 288, 290 (1989). The deputy's warrantless entry of Lane's home was reasonable in light of these circumstances. *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006). The deputy was justified in recovering the gun pursuant to a search incident to arrest when it was found on his person after Lane was handcuffed and searched. *See Scott v. State*, 110 Nev. 622, 629, 877 P.2d 503, 508 (1994).

Lane also argues that the deputy's use of excessive force justified suppression. We disagree. The deputy's use of force was reasonable in light of the threat to the deputy's safety,[1] Lane's active resistance, Lane's flight, and the severity of the crime. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Accordingly, we conclude that the district court did not err in refusing to suppress the gun.

Second, Lane argues that the district court abused its discretion in denying his motion to suppress the witness identifications when two witnesses[2] were driven to perform a show-up identification at the site of his arrest and four witnesses identified Lane as the perpetrator after being shown a single photograph of him. He argues that these witnesses' subsequent in-court identifications were impermissibly tainted by these suggestive actions.

A criminal defendant has been denied due process when a pretrial identification procedure was so unnecessarily suggestive as to provoke an irreparable mistaken identification. *Stovall v. Denno*, 388 U.S. 293, 302 (1967). Though show-up identifications are inherently suggestive and identifications involving a single photograph may be unduly suggestive, they are permissible when they are reliable in light of the totality of the circumstances. *Id.*; *United States v. Hanigan*, 681 F.2d

---

[1]We note that Lane repeatedly looked at his waistband in a manner that suggested to the deputy that Lane had a gun there and was suspected of committing assault with a deadly weapon.

[2]One of the two witnesses never testified or provided a written statement to police, and our review is limited to the testifying witness. We note, however, that their joint identification contributed to the suggestiveness of the identification procedure. *See Gehrke v. State*, 96 Nev. 581, 585-86, 613 P.2d 1028, 1031 (1980) (Mowbray, C.J., concurring).

1127, 1133 (9th Cir. 1982); *Jones v. State*, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979).

We conclude that the district court did not err in determining that the show-up identification was suggestive when the witnesses were taken together to the scene where Lane was presented alone, in handcuffs, on the ground, bloodied, surrounded by police officers, and illuminated by a police officer's flashlight. *See Gehrke*, 96 Nev. at 584, 613 P.2d at 1029-30. Nevertheless, we agree, as well, with the district court's determination that the show-up identification was reliable when the witness previously saw the perpetrator in a well-lit restaurant, testified that she saw him for three to four minutes and saw him clearly, identified Lane within an hour of the crime, and had previously described his build, height, hair color, lack of facial hair, clothing, and hat in her police statement. *See id.* at 584, 613 P.2d at 1030. Likewise, we conclude that the district court did not err in determining that the single-photograph identifications were suggestive when police apparently presented witnesses with a single "mugshot" of Lane, standing alone and wearing jail attire. Nevertheless, we conclude that these identifications were reliable, notwithstanding the suggestive procedure, as each of the four witnesses observed the perpetrator before noticing that he was holding a gun and that a crime was occurring, observed him in a well-lit location and from a short distance, identified him by photograph within an hour after the crime occurred, and had no doubt regarding the identification. As the identification procedures were reliable despite their suggestiveness, we conclude that the subsequent in-court identifications were not irreparably tainted and that the district court did not err in denying Lane's motion to suppress.

Third, Lane argues that the justice court erred by compelling him to attend the preliminary hearing and denying his motion for a photographic line-up. In moving for a photographic line-up, Lane never waived his right to attend the preliminary hearing, *see State v. Sargent*, 122 Nev. 210, 214, 128 P.3d 1052, 1054 (2006), the district court never compelled his appearance when it denied the motion, and thus we perceive no error. As Lane has not cited relevant authority demonstrating that the justice court erred in denying his motion for a photographic line-up, we decline to address that argument. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Fourth, Lane argues that the district court abused its discretion by considering impalpable and highly suspect evidence during the sentencing hearing and that the district court demonstrated bias against him by comparing his case to an unrelated active-shooter case.[3] A trial judge is presumed to be impartial, and the challenger must demonstrate sufficient facts to establish bias. *Ybarra v. State*, 127 Nev. 47, 51, 247 P.3d 269, 272 (2011). Having reviewed the record and noting the district court's express reference to the trial testimony and the effects that the crime had on the people in the restaurant, we conclude that Lane has not shown that the district court closed its mind to the presentation of the evidence, *see Cameron v. State*, 114 Nev. 1281, 1283, 968 P.2d 1169, 1170 (1998), nor that it relied solely on impalpable or highly suspect evidence, *see Denson v. State*, 112 Nev. 489, 492, 915 P.2d 284, 286 (1996).

---

[3]To the extent that Lane argues that the district court committed error during the trial, we decline to address those arguments, as the record contains no pertinent trial transcripts. *See Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980).

Having considered Lane's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Hardesty

_____ J.
Parraguirre

_____, J.
Douglas

cc:  Hon. James E. Wilson, District Judge
     State Public Defender/Carson City
     Attorney General/Carson City
     Carson City District Attorney
     Carson City Clerk