**132 Nev., Advance Opinion 51**

IN THE SUPREME COURT OF THE STATE OF NEVADA

LECORY L. GRACE,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS W. HERNDON, DISTRICT
JUDGE,
Respondents,
   and
THE STATE OF NEVADA,
Real Party in Interest.

No. 68929

**FILED**

JUL 2 1 2016



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for writ of mandamus challenging a district court order reversing a justice court's order of suppression.

*Petition granted.*

Philip J. Kohn, Public Defender, and Robert E. O'Brien and Howard Brooks, Deputy Public Defenders, Clark County,
for Petitioner.

Adam Paul Laxalt, Attorney General, Carson City; Steven B. Wolfson, District Attorney, Marc P. DiGiacomo and Steven S. Owens, Chief Deputy District Attorneys, and Ofelia L. Monje, Deputy District Attorney, Clark County,
for Real Party in Interest.

16-22646

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, C.J.:

In Nevada, justice courts "are courts of limited jurisdiction and have only the authority granted by statute." *Parsons v. State (Parsons III)*, 116 Nev. 928, 933, 10 P.3d 836, 839 (2000); *accord* Nev. Const. art. 6, § 8(1) ("The Legislature shall determine . . . the limits of [a justice court's] civil and criminal jurisdiction . . . ."). However, justice courts also have "limited inherent authority to act in a particular manner to carry out [their] authority granted by statute." *State v. Sargent*, 122 Nev. 210, 214, 128 P.3d 1052, 1054-55 (2006).

In the criminal realm, justice courts are statutorily empowered to conduct preliminary hearings for gross misdemeanor and felony charges. NRS 171.196; NRS 171.206; *accord Parsons III*, 116 Nev. at 933, 10 P.3d at 839. During a preliminary hearing, justice courts must examine the evidence presented, and if "there is probable cause to believe that an offense has been committed and that the defendant has committed it, the [justice court] shall forthwith hold the defendant to answer in the district court; otherwise the [justice court] shall discharge the defendant." NRS 171.206.

The present matter requires this court to determine whether Nevada's justice courts are authorized to rule on motions to suppress[1]

---

[1] "'Motion to suppress' is a term of art which is defined as a request for the exclusion of evidence premised upon an allegation that the evidence was illegally obtained." *State v. Shade*, 110 Nev. 57, 63, 867 P.2d 393, 396 (1994).

 

during preliminary hearings. We now conclude that justice courts have express and limited inherent authority to suppress illegally obtained evidence during preliminary hearings.

## FACTS

In March 2014, the State filed a criminal complaint against petitioner LeCory Grace in the Las Vegas Justice Court. The complaint charged Grace with one count of possession of a controlled substance. Soon after, the justice court held a preliminary hearing. There, the State called one witness, Las Vegas Metropolitan Police Department Officer Allyn Goodrich. Goodrich testified that he supervised the transfer of several people, including Grace, from Planet Hollywood's security office to a prisoner transport van. Goodrich was told Grace was arrested for a probation violation. However, Goodrich did not witness the arrest, he never received or reviewed any documents regarding Grace or his arrest, and he never learned the precise probation violation that led to Grace's detention.

Goodrich watched as another officer performed what was purportedly a search incident to Grace's arrest. During that search, Goodrich observed a baggie containing a white substance around Grace's shoe, sock, or foot. That substance was later revealed to be cocaine. At his preliminary hearing, Grace orally moved to suppress the baggie of cocaine because the State failed to introduce evidence of Grace's lawful arrest, and without a lawful arrest, officers were not entitled to perform a search incident to arrest. The State opposed the motion, arguing the justice court lacked the authority to hear and rule on suppression issues.

 

The justice court determined that it had authority to rule on suppression issues because the Legislature had previously rebuffed efforts to strip Nevada's justice courts of the authority to hear such matters. Further, the justice court held that the State failed to meet its burden of showing a predicate lawful arrest before availing itself of the warrant exception for searches incident to arrest. Therefore, the justice court concluded that the search was unlawful, suppressed the evidence derived from that search, and dismissed the case against Grace for lack of probable cause.

Pursuant to NRS 189.120, the State appealed the justice court's order of suppression and dismissal to the Eighth Judicial District Court, again arguing the justice court lacked authority to rule on suppression issues. The district court found in the State's favor, concluding that Nevada's justice courts are limited jurisdiction courts without the power to adjudicate suppression issues in the preliminary hearing context.

The district court remanded Grace's case back to the justice court. Soon after, Grace filed the instant petition, which seeks a writ directing the district court to vacate its "order ruling that Justice Courts in Nevada do not have authority to consider a motion to suppress where the State attempts to enter evidence at [a] preliminary hearing that was unlawfully obtained by a state actor in violation of the United States and Nevada Constitutions."

*DISCUSSION*

A writ of mandamus is available "to compel the performance of an act which the law requires . . . or to control an arbitrary or capricious exercise of discretion." *Schuster v. Eighth Judicial Dist. Court*, 123 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

187, 190, 160 P.3d 873, 875 (2007); *see also* NRS 34.160. "[I]t is within the discretion of this court to determine if a petition will be considered." *Schuster*, 123 Nev. at 190, 160 P.3d at 875. This court may also address writ petitions when "an important issue of law requires clarification and public policy is served by this court's exercise of its original jurisdiction." *Id.*

We will exercise our discretion to entertain Grace's petition. First, Grace's petition raises an important and novel legal issue. Additionally, preliminary hearings are commonly utilized in Nevada, and a clarification on the issue raised here would have a broad and significant impact; thus, the petition raises significant public policy concerns. Moreover, our resolution of this matter will promote judicial economy by ensuring the state's justice courts have a uniform view regarding their power to suppress illegally obtained evidence during preliminary hearings.

Accordingly, our discretionary intervention is warranted here, and we must decide whether justice courts have the authority to suppress illegally obtained evidence during a preliminary hearing.

*Justice courts have express authority to suppress illegally obtained evidence during preliminary hearings*

Grace argues NRS 47.020 and NRS 48.025 expressly require justice courts to suppress illegally obtained evidence. The district court disagreed, holding that justice courts do not have the requisite statutory authorization to determine the constitutionality of evidence presented during a probable cause hearing. Upon review, we conclude Grace's argument has merit.

This court reviews questions of statutory construction de novo. *Sargent*, 122 Nev. at 213-16, 128 P.3d at 1054-56. Statutory language

SUPREME COURT
OF
NEVADA

(O) 1947A

must be given its plain meaning if it is clear and unambiguous. *State v. Lucero,* 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). A statute is ambiguous if its language is susceptible to two or more reasonable interpretations. *Id.*

First, the rules of evidence apply at preliminary hearings. NRS 47.020(1) states that NRS Title 4, which promulgates Nevada's rules for witnesses and evidence, "governs proceedings in the courts of this State and before magistrates" unless otherwise provided by rule or statute. Although NRS 47.020(3) expressly excludes certain proceedings from Title 4's evidentiary rules, it does not exclude preliminary hearings.[2] *Cf. Sonia F. v. Eighth Judicial Dist. Court,* 125 Nev. 495, 499, 215 P.3d 705, 708 (2009) (stating that "where the Legislature has ... explicitly applied a rule to one type of proceeding, this court will presume it deliberately excluded the rule's application to other types of proceedings"). The parties have not identified, and this court has not discovered, any statute exempting preliminary hearings from Title 4's evidentiary rules. We perceive no ambiguity here; therefore, NRS Title 4 applies to preliminary hearings.

Second, NRS 48.025, which is part of NRS Title 4, bars the admission of evidence that would be barred by the United States or Nevada Constitutions. Specifically, it provides that "[a]ll relevant

---

[2]Specifically, NRS 47.020(3) excludes the following proceedings from Nevada's evidentiary rules: (1) proceedings related to issuing arrest warrants, search warrants, and criminal summonses; (2) bail proceedings; (3) sentencing and probation determinations; and (4) extradition proceedings.

SUPREME COURT
OF
NEVADA

(O) 1947A

evidence is admissible, except . . . [a]s limited by the Constitution of the United States or of the State of Nevada." NRS 48.025(1)(b). Article 1, Section 18 of the Nevada Constitution and the Fourth Amendment to the United States Constitution[3] prohibit unreasonable searches and seizures such that warrantless searches are per se unreasonable unless an established exception, like a search incident to arrest, applies. *State v. Lloyd*, 129 Nev., Adv. Op. 79, 312 P.3d 467, 469 (2013); *Cortes v. State*, 127 Nev. 505, 514-15, 260 P.3d 184, 190-92 (2011). Evidence derived from an unreasonable search typically must be suppressed. *Somee v. State*, 124 Nev. 434, 444, 187 P.3d 152, 159 (2008). Therefore, when read together, the United States and Nevada Constitutions, NRS 48.025, and NRS 47.020 authorize justice courts to suppress illegally obtained evidence during preliminary hearings. *See* 4 Wayne R. LaFave et al., *Criminal Procedure* § 14.4(b) (4th ed. 2015) (explaining that Nevada's evidence rules likely require the suppression of illegally obtained evidence during preliminary hearings).

*Justice courts also have limited inherent authority to suppress illegally obtained evidence during preliminary hearings*

This court has held that "[a] justice court has the direct authority granted to it by statute and also has limited inherent authority to act in a particular manner to carry out its authority granted by statute." *Sargent*, 122 Nev. at 214, 128 P.3d at 1054-55 (citations omitted). In *Sargent*, this court held that justice courts do not have

---

[3]The Fourth Amendment's bar on unreasonable searches and seizures applies to the states through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 654-55 (1961).

SUPREME COURT
OF
NEVADA

(O) 1947A

7

express or limited inherent authority to order a defendant to appear personally for a preliminary hearing. *Id.* at 217, 128 P.3d at 1056-57. In examining the extent of the justice court's limited inherent authority, we focused on whether a particular power was necessary for the justice court to "carry out its judicial functions." *Id.* at 216, 128 P.3d at 1056. Ultimately, we concluded that justice courts could perform their judicial function without the power to order defendants to appear for preliminary hearings because in-court identifications are but one of several ways the State can establish probable cause that the defendant was the person who committed the crime alleged. *Id.* at 215-16, 128 P.3d at 1055-56.

        *Sargent*'s rationale, if not its result, is compelling here. Justice courts must determine whether it appears "from the evidence . . . that there is probable cause to believe that an offense has been committed and that the defendant has committed it." NRS 171.206. We believe that vetting the State's probable cause evidence is an important part of the justice courts' judicial function. *See Goldsmith v. Sheriff of Lyon Cty.*, 85 Nev. 295, 303, 454 P.2d 86, 91 (1969) (holding that the evidence presented at a preliminary hearing "must consist of legal, competent evidence" (internal quotation marks omitted)); *see also* LaFave et al., *supra*, § 14.1(a) (discussing the role preliminary hearings play in "screening" the state's decision to bring charges). Therefore, justice courts' authority to make probable cause determinations includes a limited inherent authority to suppress illegally obtained evidence.

*The Legislature's actions over several sessions support our conclusion*

        NRS 189.120; A.B. 65, 74th Leg. (Nev. 2007); and A.B. 193, 78th Leg. (Nev. 2015) support our conclusion that justice courts have express and limited inherent authority to suppress illegally obtained

evidence during preliminary hearings. First, in 1969, the Legislature enacted NRS 189.120, which expressly envisions the appeal of suppression orders made during a preliminary hearing. Specifically, it provides that "[t]he State may appeal to the district court from an order of a justice court granting the motion of a defendant to suppress evidence," NRS 189.120(1), and "[s]uch an appeal shall be taken . . . [w]ithin 2 days after the rendition of such an order during a . . . preliminary examination," NRS 189.120(2)(a).

The State correctly points out that NRS 189.120 is a procedural rule explaining how and when appeals must be taken, and it does not actually authorize justice courts to suppress illegally obtained evidence. Nevertheless, NRS 189.120 plainly allows the State to appeal a justice court's suppression order, made during a preliminary hearing, to the district court. Thus, NRS 189.120 demonstrates the Legislature's foundational presumption that justice courts are empowered to suppress illegally obtained evidence during preliminary hearings. NRS 189.120's legislative history further shows that the Legislature believed justice courts were empowered to suppress illegally obtained evidence. In discussing NRS 189.120's purpose, Assemblyman Torvinen stated:

> At the preliminary hearing [district attorneys] produce evidence and the court [suppresses] it because it was taken without a warrant or something. The case is dismissed and they turn the guy loose and that is the end of it. With this, the State can appeal the case.

Hearing on A.B. 641 Before the Assembly Judiciary Comm., 55th Leg. (Nev., March 19, 1969). Therefore, NRS 189.120 and its history demonstrate that the Legislature believed justice courts had the power to

suppress illegally obtained evidence presented during a preliminary hearing.

Second, the Legislature rejected bills in 2007 (A.B. 65) and 2015 (A.B. 193) that would have barred justice courts from considering the constitutionality of evidence presented during a preliminary hearing. Again, the State correctly argues these failed bills do not confer jurisdiction upon Nevada's justice courts. However, the failed bills show that the Legislature believed justice courts already had the power to suppress illegally obtained evidence and declined to divest them of that power.

A.B. 65 would have amended (1) NRS 174.125 to clearly state that only district courts can hear motions to suppress in gross misdemeanor and felony matters, and (2) NRS 189.120 to remove any reference to appealing suppression orders made during preliminary hearings. A.B. 65, §§ 1, 2, 74th Leg. (Nev. 2007). Legislators heard testimony indicating that the current practice in Nevada's justice courts was for suppression issues to be heard during preliminary hearings. Hearing on A.B. 65 Before the Assembly Judiciary Comm., 74th Leg. (Nev., Feb. 21, 2007). Ultimately, A.B. 65 failed when the Legislature declined to act on it.

Similarly, in 2015, the Legislature considered A.B. 193, which sought to amend NRS 174.125 and NRS 189.120 in essentially the same ways as A.B. 65 (2007). *Compare* A.B. 65, §§ 1, 2, 74th Leg. (Nev. 2007), *with* A.B. 193, §§ 11, 12, 78th Leg. (Nev. 2015) (as introduced). Legislators' comments largely show they believed evidentiary standards for preliminary examinations should not be relaxed. *See* Hearing on A.B. 193 Before the Assembly Judiciary Comm., 78th Leg. (Nev., March 13,

SUPREME COURT
OF
NEVADA

(O) 1947A

10

2015). The Legislature later removed the proposed amendments in A.B. 193's first reprint. *Compare* A.B. 193, §§ 11, 12, 78th Leg. (Nev. 2015) (as introduced), *with* A.B. 193, §§ 11, 12, 78th Leg. (Nev. 2015) (first reprint). Thus, A.B. 65 (2007) and A.B. 193 (2015) show that the Legislature has not been inclined to adopt legislation that would require justice courts to rely on evidence they know to be illegally obtained during preliminary hearings.

In sum, we conclude justice courts have the power to suppress illegally obtained evidence because (1) NRS 47.020 and NRS 48.025 expressly authorize justice courts to do so; (2) NRS 171.206 and *Sargent* show that justice courts have limited inherent authority to do so; and (3) NRS 189.120, A.B. 65 (2007), and A.B. 193 (2015) show that the Legislature envisions justice courts as having that power.

Accordingly, we grant Grace's petition.[4] We direct the clerk of this court to issue a writ of mandamus directing the district court to

---

[4]The State also argues that justice courts can only hear a defendant's motion to suppress after the filing of a written motion. Because the briefing on that point was insufficiently developed, we decline to address it at this time. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Additionally, we note that Grace's petition does not require us to examine the merits of the justice court's suppression ruling, and we express no opinion on that matter.

 

vacate its July 31, 2015, order concluding that the justice court lacked jurisdiction to adjudicate suppression issues during a preliminary hearing.

_____, C.J.
Parraguirre

We concur:

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A