**137 Nev., Advance Opinion 4**

IN THE SUPREME COURT OF THE STATE OF NEVADA

|  |  |
|---|---|
| THE STATE OF NEVADA,<br>Petitioner,<br>vs.<br>THE FOURTH JUDICIAL DISTRICT<br>COURT OF THE STATE OF NEVADA,<br>IN AND FOR THE COUNTY OF ELKO;<br>AND THE HONORABLE NANCY L.<br>PORTER, DISTRICT JUDGE,<br>Respondents,<br>    and<br>ANTHONY CHRIS ROBERT<br>MARTINEZ,<br>Real Party in Interest. | No. 80093<br><br>FILED<br><br>FEB 25 2021<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Original petition for a writ of mandamus or prohibition challenging a district court order granting a motion to consolidate counts.

*Petition denied.*

Aaron D. Ford, Attorney General, Carson City; Tyler J. Ingram, District Attorney, and Daniel M. Roche, Deputy District Attorney, Elko County, for Petitioner.

Matthew Pennell, Public Defender, Elko County, for Real Party in Interest.

BEFORE THE COURT EN BANC.

21-05573

*OPINION*

By the Court, PICKERING, J.:

NRS 202.360(1)(b) makes it illegal for a convicted felon to possess "any firearm." This raises the question whether a felon who possesses five firearms at one time and place commits a single violation of NRS 202.360(1)(b) or five separate violations. The rule of lenity resolves such unit-of-prosecution questions in favor of the defendant where, as here, the statute's text is ambiguous and conventional tools of statutory construction leave the matter in doubt. Consistent with the rule of lenity and the cases construing the similarly ambiguous federal felon-in-possession statute, 18 U.S.C. § 922(g)(1) (2018), we hold that the State properly charges a defendant with only a single violation of NRS 202.360(1)(b) when it alleges, without more, that the defendant is a felon who possessed "any firearm"—that is, one or more firearms—at one time and place.

I.

The police arrested real party in interest Anthony Martinez after he shot at two individuals in West Wendover, Nevada. They recovered five firearms at the scene, four from Martinez's car and the fifth—the gun Martinez allegedly used to fire the shots—from beside the car. The State charged Martinez with 15 felonies, including two counts of attempted murder. Among the 15 counts the State charged Martinez with were five counts of violating NRS 202.360(1)(b)—possession of a firearm by a person previously convicted of a felony offense—one count per firearm possessed.

Martinez filed a motion to consolidate the five felon-in-possession counts into a single count. Martinez argued that, because the State alleged that he possessed these five firearms at one time and place,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

he committed, at most, a single violation of NRS 202.360(1)(b). The district court agreed and granted Martinez's motion to consolidate.

## II.

The State brings the dispute to this court on a pretrial petition for extraordinary writ relief.[1] A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion. *Walker v. Second Judicial Dist. Court*, 136 Nev., Adv. Op. 80, 476 P.3d 1194, 1196 (2020). A district court manifestly abuses its discretion if it bases its ruling on a clearly erroneous application of law. *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011). But writ relief does not lie when the petitioner has "a plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170.

The State's petition qualifies for extraordinary writ review. It challenges as clear legal error the district court's interpretation and application of NRS 202.360(1)(b). While NRS 177.015 gives the State certain rights of appeal in criminal cases, those rights are limited and do not reach a pretrial order consolidating counts. And the unit of prosecution that NRS 202.360(1)(b) allows in felon-in-possession cases presents an unsettled legal issue of statewide significance. For these reasons, although we ultimately deny the petition, we undertake merits-based writ review.

---

[1]The State styles its petition as one seeking a writ of prohibition or mandamus. "A writ of prohibition arrests the proceedings of a tribunal when such proceedings are without or in excess of the tribunal's jurisdiction." *State v. Justice Court of Las Vegas Twp.*, 112 Nev. 803, 806, 919 P.2d 401, 403 (1996). No such jurisdictional excess appears, so we deny the alternative petition for a writ of prohibition.

III.

A.

Deciding NRS 202.360(1)(b)'s "unit of prosecution presents an issue of statutory interpretation and substantive law." *Jackson v. State*, 128 Nev. 598, 612, 291 P.3d 1274, 1283 (2012) (internal quotations omitted). "As with other questions of statutory interpretation," unit-of-prosecution analysis "begins with the statute's text." *Castaneda v. State*, 132 Nev. 434, 437, 373 P.3d 108, 110 (2016). When the text leaves the statute's unit of prosecution ambiguous, other interpretive resources come into play, "including related statutes, relevant legislative history, and prior judicial interpretations of related or comparable statutes." *Id.* at 439, 373 P.3d at 111. If, "after all the legitimate tools of interpretation have been applied, a reasonable doubt persists" as to the statute's unit of prosecution, the rule of lenity calls the tie for the defendant. *Id.* (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 299 (2012) (internal quotations omitted)). Under the rule of lenity, "[a]mbiguity in a statute defining a crime or imposing a penalty should be resolved in the defendant's favor." Scalia & Garner, *Reading Law, supra*, at 296.

B.

Nevada's felon-in-possession statute, NRS 202.360(1)(b), reads as follows:

> *A person shall not* own or *have in his or her possession* or under his or her custody or control *any firearm* if the person: . . .
>
> (b) Has been convicted of a felony in this State or any other state . . . .
>
> A person who violates the provisions of this subsection is guilty of a category B felony and shall be punished by imprisonment in the state prison for a minimum term of not less than 1 year and a

SUPREME COURT
OF
NEVADA

(O) 1947A

4

> maximum term of not more than 6 years, and may
> be further punished by a fine of not more than
> $5,000.

(emphasis added); *see* NRS 202.360(3)(b) ("As used in this section: . . . '[f]irearm' includes any firearm that is loaded or unloaded and operable or inoperable.").

By its terms, NRS 202.360(1)(b) states three main elements: (1) a status element (the defendant is a person "convicted of a felony"); (2) a possession element (who "shall not . . . have in his or her possession"); and (3) a firearm element ("any firearm"). *See Hager v. State*, 135 Nev. 246, 249, 447 P.3d 1063, 1066 (2019). So, a defendant who is a convicted felon and possesses one firearm—loaded or working or not—can be charged with and convicted of one count of violating NRS 202.360(1)(b). From this it does not follow, though, that a felon who possesses five such firearms at one time and place can be charged with and convicted of five counts of violating NRS 202.360(1)(b).

The problem stems from NRS 202.360(1)'s use of the word "any" to modify "firearm." A number of criminal statutes use "any" as NRS 202.360(1) does: to help define the prohibition the statute states. *See Castaneda*, 132 Nev. at 438, 373 P.3d at 111. But unless otherwise clarified, this creates ambiguity as to the statute's unit of prosecution. *E.g.*, *Bell v. United States*, 349 U.S. 81 (1955) (holding that the simultaneous transportation of two women across state lines constituted one, not two, violations of the Mann Act, which made it a crime to knowingly transport "any woman or girl" across state lines for immoral purposes; "any" left the unit of prosecution ambiguous, so the rule of lenity applied). The ambiguity arises because "[t]he word 'any' has multiple, conflicting definitions, including (1) one; (2) one, some, or all regardless of quantity; (3) great,

unmeasured, or unlimited in amount; (4) one or more; and (5) all." *Castaneda*, 132 Nev. at 438, 373 P.3d at 111 (internal quotations omitted). Depending on the meaning assigned "any," NRS 202.360(1)(b) can support prosecution either on a per-firearm basis or on the basis of a felon simultaneously possessing one or more firearms at one time and place. Since both readings are reasonable, the statute is ambiguous on its face. *See id.* (noting that "the word 'any' has typically been found ambiguous in connection with the allowable unit of prosecution, for it contemplates the plural, rather than specifying the singular") (internal quotations omitted); *accord Figueroa-Beltran v. United States*, 136 Nev., Adv. Op. 45, 467 P.3d 615, 621 (2020); *Andrews v. State*, 134 Nev. 95, 98, 412 P.3d 37, 39 (2018).

### C.

Legitimate statutory interpretation tools can resolve textual ambiguities, *see Castaneda*, 132 Nev. at 439, 373 P.3d at 111; Scalia & Garner, *Reading Law, supra*, at 299, but none appears to do so here. Citing *Washington v. State*, 132 Nev. 655, 376 P.3d 802 (2016), the State argues that, since NRS 202.360(1) uses the singular "firearm" instead of the plural "firearms," the Legislature must have meant to create a per-firearm unit of prosecution. "Firearms" instead of "firearm" would have made Nevada's felon-in-possession statute clearer, but this does not change the fact that, as written, NRS 202.360(1)(b) can reasonably be read in two different ways. And, while *Washington* held that NRS 202.285(1) authorizes a per-discharge unit of prosecution where a defendant "discharges a firearm at or into any house, room, [or] apartment," 132 Nev. at 657, 376 P.3d at 805, the statute's operative words were the verb "discharges" and its object "a firearm," which made a per-discharge unit of prosecution appropriate.

The State also makes a public policy argument: The Legislature takes possession of firearms by felons very seriously or it would not have

SUPREME COURT
OF
NEVADA

(O) 1947A

6

passed NRS 202.360(1)(b) criminalizing such possession, and interpreting NRS 202.360(1)(b) to authorize per-firearm prosecutions furthers the Legislature's intent to prevent felons from possessing firearms by making each firearm possessed a separate crime. As support, the State cites *Andrews*, 134 Nev. at 101, 412 P.3d at 41-42, arguing "that everything about the analysis and ruling in *Andrews* is applicable to this case." In fact, the opposite is true. *Andrews* and this case share one similarity: Both concern a criminal statute made ambiguous by the word "any." *See id.* at 98, 412 P.3d at 39-40 (discussing *Castaneda*, 132 Nev. at 438, 373 P.3d at 111, and the unit-of-prosecution ambiguity "any" creates).

At issue in *Andrews* was NRS 453.3385 (2013), criminalizing possession of "any controlled substance which is listed in Schedule 1, except marijuana." In *Andrews*, a divided panel of this court concluded that, despite the textual ambiguity "any" created, other legitimate tools of statutory interpretation supported prosecuting as separate offenses a defendant's simultaneous possession of several different controlled substances. Those tools included that NRS 453.3385 is part of Nevada's Uniform Controlled Substances Act (UCSA), *Andrews*, 134 Nev. at 99, 412 P.3d at 40; that other statutes within the UCSA supported the per-controlled-substance interpretation, *id.*; that case law interpreting UCSA provisions also supported this interpretation, *id.* at 101, 412 P.3d at 41; and that the legislative history supported the majority's reading of NRS 453.3385, *id.* at 99-100, 412 P.3d at 40-41. In this case, by contrast, the State does not identify or apply any interpretive tools beyond its textual analysis and assertion respecting what it perceives the Legislature intended when it enacted NRS 202.360(1)(b).

"The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 533 U.S. 507, 514 (2008); *accord Castaneda*, 132 Nev. at 443, 373 P.3d at 114. The rule is an ancient one, "founded on the tenderness of the law for the rights of individuals; and on the plain principle that the power of punishment is vested in the legislative, not in the judicial department. It is the legislature, not the Court, which is to define a crime, and ordain its punishment." *United States v. Wiltberger*, 18 U.S. (5 Wheat.) 76, 95 (1820) (per Marshall, C.J.).

The text of NRS 202.360(1)(b) leaves its unit of prosecution ambiguous, and the State has not identified any legitimate statutory interpretation tools to clarify it. To credit the State's argument that the Legislature must have intended to authorize a per-firearm-possessed unit of prosecution or it would not have made possession of any firearm by a felon a crime would turn the venerable "rule of lenity upside down." *Santos*, 553 U.S. at 519. Courts "interpret ambiguous criminal statutes in favor of defendants, not prosecutors." *Id.* We therefore hold that the State properly charges a defendant with only a single violation of NRS 202.360(1)(b) when it alleges, without more, that the defendant is a felon who possessed "any firearm"—that is, one or more firearms—at one time and place.

### D.

Our holding comports with the cases construing the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1) (2018). Although the statutes are not identical, section 922(g)(1) is similar to NRS 202.360(1)(b). It has a status element, a possession element, and a firearm element, and it uses "any" to express the prohibition it states:

(g) It shall be unlawful for any person—

> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, *any firearm* or ammunition; or to receive *any firearm* or ammunition which has been shipped or transported in interstate or foreign commerce.

(Emphasis added.) These similarities make it appropriate to look to federal case law in deciding the unit of prosecution question presented by this petition.

The federal courts have achieved rare unanimity on the unit of prosecution 18 U.S.C. § 922(g)(1) authorizes in felon-in-possession cases. Every United States circuit court of appeals has deemed section 922(g)(1) ambiguous as to its unit of prosecution, applied the rule of lenity as stated in *Bell*, 349 U.S. at 83, and held that "when a defendant's possession of multiple firearms is simultaneous and undifferentiated, the government may only charge that defendant with one violation of § 922(g)(1) . . . regardless of the actual quantity of firearms involved." *United States v. Buchmeier*, 255 F.3d 415, 422 (7th Cir. 2001) (citing cases from every United States circuit court of appeals). "[I]t does not matter if [the defendant] has one, two, three, or more firearms"; so long as the defendant possesses the firearms simultaneously, at one time and place, he or she commits a single offense. *United States v. Robinson*, 855 F.3d 265, 270 (4th Cir. 2017). This body of case law supports our holding that a defendant violates NRS 202.360(1)(b) once when he or she possesses at one time and place any firearm. The federal cases follow a different rule when the defendant acquires or stores multiple firearms at different times and places, *see United States v. Cunningham*, 145 F.3d 1385, 1398 (D.C. Cir. 1998), but we leave that issue for another day, since the State does not

SUPREME COURT
OF
NEVADA

(O) 1947A

allege or argue that Martinez did not possess the weapons at one time and place.

The district court was correct and thus did not commit the clear legal error required for writ relief. We therefore deny the petition.

_____Pickering_____, J.
Pickering

We concur:

_____Hardesty_____, C.J.
Hardesty

_____Parraguirre_____, J.
Parraguirre

_____Stiglich_____, J.
Stiglich

_____Cadish_____, J.
Cadish

_____Silver_____, J.
Silver

_____Herndon_____, J.
Herndon

SUPREME COURT
OF
NEVADA

(O) 1947A